IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Susan Hamman, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. |
| Encore Receivable Management, Inc., a Kansas corporation, | ) 1:10-cv-1374 JMS-TAB ) ) |
| Defendant. | ) Jury Demanded |

## COMPLAINT

Plaintiff, Susan Hamman, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection practices violate the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) Plaintiff resides here; b) the acts and transaction occurred here; and, c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Susan Hamman ("Hamman"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to GE Money Bank.

4. Defendant, Encore Receivable Management, Inc. ("Encore"), is a Kansas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because

it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana, and was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5. Defendant Encore sent Ms. Hamman an initial collection letter, dated June 29, 2010, demanding payment of the debt she allegedly owed to GE Money Bank. A copy of this letter is attached as Exhibit A.

6. Shortly thereafter, Defendant's debt collector called Ms. Hamman at work to demand payment of the GE Money Bank debt. When Ms. Hamman called Defendant back, she informed its debt collector that she was not allowed to receive calls at work and demanded that Defendant not call her again at work.

7. Despite being told that she was not to be called at work, Defendant's debt collectors called Ms. Hamman at work on July 13, 2010 and July 21, 2010, and left a message with her company's receptionist that she needed to call 1-866-247-1087, extension 823, "about an important business matter".

8. Moreover, despite being told to not call her at work, Defendant Encore's debt collectors called Ms. Hamman on her cell phone during her work day, on a nearly daily basis, to demand payment of her debt.

9. All of Defendant's collection actions at issue occurred within one year of the date of this Complaint.

10. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership,

27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violations Of § 1692c Of The FDCPA –
### Illegally Calling Consumer At Her Job

11. Plaintiff adopts and realleges ¶¶ 1-10.

12. Section 1692c(a)(3) of the FDCPA prohibits a debt collector from contacting a debtor, "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication". See 15 U.S.C. § 1692c(a)(3); see also, Horkey v. J.V.D.B. & Associates, Inc., 333 F.3d 769, 772-773 (7th Cir. 2003).

13. Ms. Hamman instructed Defendant's debt collectors that she could not receive calls at work. Nonetheless, Defendant Encore continued to contact, or attempt to contact, Ms. Hamman repeatedly at work, through calls to her employer, as well as calls to Ms. Hamman's cell phone. This conduct violates § 1692c(a)(3) of the FDCPA.

14. Defendant's violations of § 1692c of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violations Of § 1692d Of The FDCPA –
### Making Numerous Harassing And Abusive Telephone Calls

15. Plaintiff adopts and realleges ¶¶ 1-10.

16. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, see 15 U.S.C. § 1692d.

17. Defendant, by continually calling Ms. Hamman at her place of employment, even after she told Defendant that she could not talk to them at work, and

by repeatedly calling Ms. Hamman on her cell phone on a daily basis, while she was at work, engaged in conduct, the natural consequence of which was harassing, oppressive and abusive, in violation of § 1692d of the FDCPA.

18.  Defendant's violations of § 1692d of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Susan Hamman, prays that this Court:

1.  Find that Defendant's debt collection practices violated the FDCPA;

2.  Enter judgment in favor of Plaintiff Hamman, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.  Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Susan Hamman, demands trial by jury.

Susan Hamman,

By *[signature]*
One of Plaintiff's Attorneys

Dated: October 28, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com